UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DELLACASA, | Case No. 2:25-cv-2130-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| EMIT, *et al.*, | |
| Defendants. | |

Plaintiff, a former county detainee proceeding pro se, brings this § 1983 action against Emit, a nurse practitioner, and Kent, a correctional officer. ECF No. 1. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 4.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on December 3, 2024, while he was in his cell at the Placer County Jail, defendants loudly announced plaintiff's medical condition (stage three liver disease) and the results of his blood test. ECF No. 1 at 1. While plaintiff does not state the basis for his claim, he appears to be asserting a violation of the Health Insurance Portability and Accountability Act ("HIPPA"). However, HIPPA does not provide a private right of action. *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). A prisoner therefore has no private cause of action under HIPPA. *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010). Neither does a prisoner have a "constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate interest in access to them." *Id.* at 534.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   September 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3